T.C. Memo. 1998-282


UNITED STATES TAX COURT


ROBERT A. INZANO and MARTHA O. CHAVEZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2404-96.                          Filed August 5, 1998.


Robert A. Inzano, pro se.


<u>Scott Hargis</u>, for respondent.


MEMORANDUM OPINION

NAMEROFF, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7443A(b)(3)[1] and Rules 180, 181, and
182.  Respondent determined a deficiency in petitioners' 1990
Federal income tax in the amount of $6,631 and an addition to tax

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year at issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

under the provisions of section 6651(a)(1) in the amount of $1,658.  After a concession by petitioners regarding unreported dividend income, the issues for decision are:  (1) Whether petitioners are able to substantiate claimed Schedule C expenses; and (2) whether petitioners are liable for the addition to tax for delinquency.

Background

Some of the facts have been stipulated, and they are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time they filed their petition, petitioners resided in San Clemente, California.

In approximately September 1989, petitioners purchased a business known as Joan's Dust Busters (JDB) allegedly for $125,000.  The business of JDB was to clean a newly built home for occupancy.  JDB had contacts with several residential home developers.  Just prior to the move-in by the new owner, the developer would contact petitioners, who would send one or more workers (depending on the size of the home) to vacuum the new carpets, remove "sticky stuff" from and clean newly installed windows, and conduct other general cleaning operations.  In addition, petitioners had agreements with developers regarding model homes, in that petitioners would have the developers' model homes cleaned on a regular, generally monthly, basis. Petitioners' purchase of JDB included some equipment, which was

in a state of disrepair, and a few supplies, but primarily petitioners purchased the name, goodwill, and purported contacts of the seller. Ultimately, the petitioners discovered that the representations by the seller were, to be charitable, overstated, and petitioners stopped paying on the purchase price and sued the seller. According to petitioner husband, the law suit was unsuccessful.

JDB charged clients based upon the size of the residence to be cleaned. Charges generally ranged from $225 to $325. The labor costs for cleaning generally ran from $50 to $65 per person per day. Normally, most homes could be cleaned by two persons in a day and a half, although larger homes required more persons or more time.

Petitioners maintained most records for JDB on a computer. In December 1993, petitioners suffered a loss of their home from fire. Most paper records were destroyed, and water damage to the computer prevented any retrieval of its records.

Petitioners did not file a timely 1990 Federal income tax return, because in the opinion of petitioner husband, there was no tax liability. However, in response to an inquiry from respondent's agents, petitioners, on April 19, 1994, filed a joint Federal income tax return, Form 1040. Included in that return was a Schedule C for JDB reflecting income of $27,165 and the following expenses:

| | |
|---|---|
| Advertising | $12,940 |
| Car and truck | 5,200 |
| Insurance | 5,400 |
| Legal | 3,100 |
| Office | 6,000 |
| Rent | 6,900 |
| Repairs and Maintence | 2,100 |
| Supplies | 4,790 |
| Tax and licenses | 550 |
| Utilities | 3,150 |
| Total | 50,130 |

In preparing their return, petitioners had to rely upon estimates, for their records had been lost. Thus, it is not clear whether the income figure is accurate. Moreover, petitioners neglected to deduct their labor costs for the cleaning help.[2] In the notice of deficiency, respondent disallowed all claimed expenses for lack of substantiation. In addition, respondent determined that there was no reasonable cause for the delinquent filing and asserted the addition to tax under section 6651(a)(1).

Discussion

Section 162(a) allows the deduction of "ordinary and necessary" expenses paid or incurred during the taxable year in carrying on any trade or business. Deductions are a matter of legislative grace, and taxpayers must prove that they are entitled to the claimed deductions. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). They must keep

_____

[2] JDB had no employees. All cleaning work was done by petitioners and "subcontractors" hired at the time work was required.

sufficient records to establish deduction amounts. Sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). Generally, except as provided by section 274(d), when evidence shows that a taxpayer incurred a deductible expense, but the exact amount cannot be determined, the Court may approximate the amount. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The Court, however, must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

A strict substantiation requirement exists under section 274(d)(4) for certain items listed under section 280F(d)(4) such as passenger automobiles. Taxpayers must substantiate by adequate records the following items in order to claim automobile deductions: The amount of each automobile expenditure, the automobile's business and total usage, the date of the automobile's use, and the automobile's business purpose. Sec. 274(d); secs. 1.274-5T(b)(6), 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

To substantiate a deduction by means of adequate records, a taxpayer must maintain an account book, diary, log, statement of expense, trip sheets, and/or other documentary evidence which, in combination, are sufficient to establish each element of expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Section 274(d) is an

exception to the <u>Cohan</u> rule and prohibits the estimation of these expenses. <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

The loss of tax records does not leave a taxpayer helpless in meeting his substantiation burden. In general, when a taxpayer's records have been lost or destroyed through circumstances beyond his control, he is entitled to substantiate the deductions by reconstructing his expenditures through other credible evidence. <u>Malinowski v. Commissioner</u>, 71 T.C. 1120, 1125 (1979); <u>Cook v. Commissioner</u>, T.C. Memo. 1991-590.

Before we discuss each item of expenditure, we must briefly comment on the history of this litigation. Subsequent to the filing of the petition on April 25, 1996, this case was first calendared for trial in Los Angeles, California, on March 10, 1997. On that date, petitioner husband appeared and requested a continuance on the grounds that he was trying to obtain "additional" records from the attorney who had been handling petitioners' litigation against the seller of JDB. The case was continued and recalendared for trial for June 2, 1997. On May 28, 1997, petitioners moved for a continuance on the grounds that they had served a subpoena on Wells Fargo Bank, the successor to their bank, First Interstate, and that there would be a delay in the bank's compliance therewith. Petitioners' motion was

granted, and the case was recalendared for September 22, 1997. Finally, the case was continued from that date and recalendared for January 26, 1998. The Court notes that the only records obtained by petitioners during this entire period and submitted in evidence were 15 canceled checks for the period June 26, 1990, through July 12, 1990.

a. Advertising. Petitioner testified that JDB did extensive advertising by flyer and in the "Yellow Pages" of the telephone book. Considering the nature of the business, we are surprised by this claim, in that petitioners' clients were real estate developers and not the general public. Moreover, it would have been a simple task to contact the telephone company or printers to obtain verification of their claimed advertising expense. On this record, we cannot allow any amount for advertising.

b. Car and truck. Petitioner claimed that they had two vehicles solely for business, in addition to petitioner wife's personal auto, which was used for nonbusiness purposes. However, no records were ever maintained for the vehicles' usages, no records were kept for the actual expenses incurred for these vehicles, and no evidence was submitted regarding their cost. Accordingly, because there is no compliance with the requirements of section 274(d), no amount can be allowed for car and truck expense.

c.  <u>Insurance</u>.  Petitioners claim insurance expense for their business liability insurance and for their vehicle insurance.  As to the latter, petitioners must still comply with the provisions of section 274(d) as described above, and having failed to do so, cannot deduct any amount for vehicle insurance.  Moreover, the record does not contain any information as to vehicle insurance costs.

With regard to the business liability insurance, petitioners contend that they carried a large policy with Ohio Casualty, which required a substantial down payment and monthly payments of $147.99.  The record contains one check to the insurance broker stated to be a monthly payment thereof.  The record was left open in this case for 60 days for petitioners to contact their insurance company for documentary verification of their claim.  Nothing was received from petitioners in this regard.[3]  From this record, we are satisfied that petitioners paid the regular monthly premiums for the business insurance, but there is no evidence of the existence, amount, or date of payment of the alleged "substantial downpayment."  Accordingly, we hold that

---

[3]  Indeed, as will be noted, the record was left open for several reasons, all to no avail.  Petitioners did submit a Motion to Supplement the Record with regard to the home office deductions, but did not attach any documentation thereto.  The record had not been held open for this purpose, and the motion was denied.

petitioners are entitled to a deduction for business insurance for $1,775.88, representing 12 monthly payments of $147.99.

d. <u>Legal</u>.  Petitioner stated the names of several attorneys with whom JDB had some relationships, but he was not able to describe those relationships or indicate the amounts of the respective legal fees paid.  The Court kept the record open for 60 days in order for petitioner to contact those attorneys to obtain substantiating documentation.  Nothing has been received from petitioners.  Accordingly, we are unable to speculate on the amount of legal fees petitioners expended as ordinary and necessary business expenses, or to allow a deduction for any such fees.  <u>Vanicek v. Commissioner</u>, <u>supra</u>.

e. <u>Home office</u>. The claimed deductions for office expense, rent expense, and utilities all pertain to this subject.  Suffice it to say that petitioners have failed to show that they used and maintained regularly and exclusively any part of their home for business purposes or any verification of the claimed expenditures.  We sustain respondent's disallowance of these items.

f. <u>Repairs</u>.  We are not sure what this claimed expenditure consists of, although vehicle repairs probably make up the largest part thereof, if not all.  Any vehicular repair expenses would be covered by the rules of section 274(d).  As to any other

repairs, no substantiating evidence was presented. We sustain respondent's disallowance of this item.

g. Supplies. Petitioners purchased supplies such as window washing solution and a compound used for removing materials stuck to glass. Canceled checks submitted verify the purchase of supplies on July 7, 1990, for $42.50. On this record and using our best judgment, we allow petitioners a deduction for supplies of $600. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).

h. Taxes and licenses. Petitioner testified that he had to purchase a municipal business license whenever JDB had to go into a new municipality. Each license was valid for one year. We kept the record open for petitioners to contact the various municipalities to obtain substantiating documentation. Nothing was received. On this record, we have no basis upon which to estimate or allow a deduction for expenses for licenses. Vanicek v. Commissioner, 85 T.C. 731 (1985).

i. Labor. We find that petitioners hired outside labor to perform the services required. We also find that petitioners performed some of the services themselves. Canceled checks for such labor for the period June 26, 1990, through July 7, 1990, totaled $2,890. Based upon this record, we allow petitioners a deduction for labor of $10,000. Cohan v. Commissioner, supra.

The final issue to be decided is whether petitioners are liable for an addition to tax pursuant to section 6651(a)(1).

Section 6651(a)(1) imposes an addition to tax for failure to file timely a tax return unless it is shown that such failure is due to reasonable cause and not willful neglect.  A taxpayer can establish reasonable cause by showing that, despite the exercise of ordinary care and prudence, the taxpayer was unable to file the required tax return within the prescribed time.  United States v. Boyle, 469 U.S. 241, 246 (1985); Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. and Admin. Regs.  Willful neglect has been defined as a conscious, intentional failure or reckless indifference to timely filing a return.  United States v. Boyle, supra at 245. Petitioners have the burden of proof.  Rule 142(a).

It is undisputed that petitioners did not timely file their individual tax return for taxable year 1990.  Petitioners argue that they had no expectation that any tax was due, because JDB's business was not profitable.

We conclude that petitioners have not met their burden of proof.  An unverified belief that no taxes are owing does not constitute reasonable cause of the sort that will allow petitioners to escape the addition to tax pursuant to section 6651(a)(1).  Olsen v. Commissioner, T.C. Memo. 1993-432, and cases cited therein. The question is not whether petitioners thought that they owed tax, but whether they knew or should have known that they needed to file a return.  Jackson v.

<u>Commissioner</u>, 864 F.2d 1521, 1527 (10th Cir. 1989), affg. 86 T.C. 492 (1986); <u>Olsen v. Commissioner</u>, <u>supra</u>. Consequently, we hold that petitioners have not established reasonable cause for their failure to file timely their 1990 tax return. Accordingly, petitioners are liable for the section 6651(a)(1) addition to tax relating to their tax liability for taxable year 1990.

To reflect the foregoing and the parties' concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.